MICHELLE R. BERNARD (SBN: 144582)
mbernard@gordonrees.com
TIMOTHY P. LINDELL (SBN: 208966)
tlindell@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Plaintiff
NAVIGATORS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NAVIGATORS INSURANCE COMPANY | CASE NO. **'11CV0381 JM   RBB** |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| vs. | (1) Rescission – Intentional Misrepresentation; |
| THOMPSON BUILDERS, INC., and DOES 1 through 20, inclusive. | (2) Rescission – Negligent Misrepresentation; |
| | (3) Intentional and Negligent Misrepresentation; |
| Defendant. | (4) Declaratory Relief – Duty to Defend; and |
| | (5) Declaratory Relief – Duty to Indemnify |

Plaintiff, Navigators Insurance Company ("Navigators"), brings this Complaint against Defendant, Thompson Builders, Inc. ("TBI"), and DOES 1 through 20, inclusive, (collectively "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, excusive of costs and interest, seventy-five thousand dollars.

2.  Venue is proper in the Southern District of California as a substantial part of the events or omissions giving rise to this action occurred in the Southern District and Defendant's principal place of business is in San Diego, California.

**THE PARTIES**

3.  Plaintiff Navigators is, and at all times mentioned herein was, a corporation

NAVI/1064166/9174434v.1

1

COMPLAINT

organized under the laws of the State of New York with its principal place of business in New York.

4. Navigators is informed and believes, and based thereon alleges, that Defendant TBI is, and at all times mentioned herein was, a corporation organized under the laws of the State of California with its principal place of business in California.

5. Navigators is informed and believes that the amount in controversy as a result of TBI's negligent and/or intentional misrepresentations in its application for insurance is in excess of $75,000, exclusive of interest and costs.

6. Navigators is unaware of the true identities, roles or capacities, whether individual, corporate, or otherwise, of the defendants sued and identified herein as DOES 1 through 20, inclusive. At such time as the true identities, roles and capacities of said fictitiously named defendants become known to Navigators, Navigators will seek leave of this Court to amend this complaint accordingly.

## NATURE OF THE ACTION

7. This is an insurance coverage action wherein Navigators seeks to rescind a policy of insurance issued to TBI based upon TBI's negligent and/or intentional misrepresentations and/or omissions of material facts in TBI's Application for insurance and a declaration from this Court that Navigators has no duty to defend or indemnify TBI in relation to any allegations, claims or suits brought against TBI as a result of injuries suffered by an individual while working on a project with TBI.

## STATEMENT OF FACTS

**A.   TBI's Application For Insurance**

8. On or about December 1, 2009, TBI signed and submitted to Navigators an Application for commercial general liability insurance. A true and correct copy of TBI's Application for insurance is attached hereto as Exhibit "A."

9. On Page 9, under the bold and capitalized heading "WARNING", the Application provides as follows:

> State law requires complete and truthful information by an

applicant for insurance. That includes providing any information that would be material to your business organization. Your failure to provide truthful answers and all material information can result in the insurance company electing to rescind your policy. This means they will not be responsible for any claim which are presented. To avoid such a situation, answer all of the foregoing questions truthfully and completely.

10. Under the "Business Operations" section of the Application, TBI stated as follows:

1. What percentage of your work is: (each column must add to 100%)

| Structure Type | | Construction Type | |
|---|---|---|---|
| Residential | 100 | New Construction | 0 |
| Industrial | 0 | Structural remodel additions | 30 |
| Commercial | 0 | Service and Repair | 25 |
| | | Non-Structural Remodel | 45 |
| | 100% | | 100% |

11. The "Common Eligibility Questions" section of the Application asks:

"2. Other than remodeling, does any applicant act in the capacity of a General Contractor, Builder, Construction Manger, Project Manger or Developer?"

TBI answered "No" to this question.

12. Under the "Common Eligibility Questions" section, the Application further asks:

"13. In the past 5 years has the applicant performed any repair or remediation of fire damage, water damage or mold damage or are there plans to do so in the next year?"

TBI answered "No" to this question.

13. Under the "Trade Specific Eligibility Questions" section, the Application states as follows:

"Answer "NO" if you have not performed, supervised, or

3

**COMPLAINT**

subcontracted the following activities in the past 10 years.

Answer "YES" if you have or will perform, supervise, or subcontract the following activities..."

Question 5 of the "Trade Specific Eligibility Questions" asks:

"Roofing performed by applicant (not subcontracted)"

TBI answered "NO" to this question.

Question 12 of the "Trade Specific Eligibility Questions" asks:

"Demolition (structural) of a residence or commercial building"

TBI answered "NO" to this question.

14. On page 10, directly above TBI's December 1, 2009 signature, the Application reads as follows:

I Have Read And Understand All Of The Questions Asked And Have Provided All Information Required.

**B.  The Navigators Policy**

15. In reliance on TBI's representations made in the Application, Navigators issued TBI Commercial General Liability Policy No. 04-10104458, for the policy period December 4, 2009 to December 4, 2010 ("the Navigators Policy"). A true and correct copy of the Navigators Policy is attached hereto as Exhibit "B."

16. The Navigators Policy contains the following "Representations" provision found on Form CG 00 01 12 04:

By accepting this policy, you agree:

a.  The statements in the Declarations are accurate and complete;

b.  Those statements are based upon representations you made to us; and

c.  We have issued this policy in reliance upon your representations.

17. The Navigators Policy contains an endorsement found on Form IL 02 70 11 04, entitled "California Changes – Cancellation And Renewal." This endorsement provides, in part:

A.  Paragraph 2. and 3. of the Cancellation Common Policy Conditions are replaced by the following:

* * * *

3. All Policies In Effect For More Than 60 Days

   a. If this policy has been in effect for more than 60 days, or is a renewal of a policy we issued, we may cancel this policy only upon the occurrence, after the effective date of the policy, of one or more of the following:

* * * *

     (2) Discovery of fraud or material misrepresentation by:
        (a) Any insured or his or representative in obtaining this insurance; or
        (b) You or your representative in pursuing a claim under the policy.

* * * *

     (7) A change by you or your representative in the activities or property of the commercial or industrial enterprise, which results in a material added, increased or changed risk, unless the added, increased or changed risk is included in the policy.

18. The Navigators Policy includes an endorsement found on Form ANF 168 (07/99), entitled "Amendment – Employer's Liability Exclusion (Exclusion – Bodily Injury To Employees – Absolute)." This endorsement replaces the "Employer's Liability" exclusion in the main form of the policy and provides that "this insurance does not apply to:"

Employers Liability

"Bodily Injury" to:
(1) An "employee" or "temporary worker" of any insured arising out of and in the course of:
   (a) Employment by any insured; or
   (b) Performing duties related to the conduct of an insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" or "temporary worker" as a consequence of paragraph (1) above.

5

**COMPLAINT**

> This exclusion applies:
> (1) Whether an insured may be liable as an employer or in any other capacity; and
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

19. The Navigators Policy includes an endorsement entitled "Changes In Commercial General Liability", found on Form ANF 150 (07/05). This endorsement changes the Navigators Policy's definition of "employee" to include both a "leased worker" and a "temporary worker."

20. Form ANF 150 (07/05) defines "temporary worker" as:

> A person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term work load conditions. "Temporary worker" includes casual labor.

21. The Navigators Policy also includes a "Workers' Compensation And Similar Law" exclusion on Form CG 00 01 12 04, which provides that the insurance does not apply to:

> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**C.    The Underlying Claim**

22. Contrary to TBI's December 1, 2009 representations in the Application that it had not and was not planning on doing any: (1) work on commercial structures, (2) repair of fire damage; (3) demolition; or (4) roofing work, in or about August 2009, TBI had been contacted by Vanderbuilt Construction ("Vanderbuilt") to provide roofing demolition services on a commercial structure located in National City, California, that had been damaged by fire ("the Project").

23. Navigators is informed and believes, and based thereon alleges that TBI agreed to do the Project subject to Vanderbuilt providing any necessary additional labor that TBI needed for the Project.

24. Navigators is informed and believes, and based thereon alleges that in or about December 2009, Vanderbuilt contacted TBI and requested that TBI immediately start work on the Project.

25. Navigators is informed and believes, and based thereon alleges that on or about December 14, 2009, TBI commenced work at the Project and that Vanderbuilt instructed one of its employees, Colin Butler, to assist in the roof demolition work.

26. Navigators is informed and believes, and based thereon alleges that when TBI and Mr. Butler commenced work on demolition of the roof there was an approximately 2 foot by 4 foot hole in the roof that had been cut out by the fire department.

27. Navigators is informed and believes, and based thereon alleges that on or about December 14, 2009, while assisting with the roof demolition work, Mr. Butler fell through the hole in the roof and suffered bodily injury as a result thereof.

28. Navigators is informed and believes, and based thereon alleges that as a result of his injuries, Mr. Butler has made a claim under California's Workers' Compensation Act, which are being paid by Vanderbuilt's Workers' Compensation insurance provider, Old Republic Construction Program Group ("Old Republic").

29. Navigators is informed and believes, and based thereon alleges that as a result of his injuries, both Mr. Butler and Old Republic are seeking damages from TBI and/or Navigators in an amount in excess of $75,000, exclusive of interest and costs.

## FIRST CAUSE OF ACTION

**For Rescission Due to Intentional Misrepresentations and/or**

**Omissions by TBI in its Application for Insurance**

(Against TBI and DOES 1 through 20)

30. Navigators incorporates by reference the allegations set forth in paragraphs 1 through 29, above as though fully set forth herein.

31. On or about December 1, 2009, as an inducement for Navigators to issue the Navigators Policy to TBI, TBI made certain warranties and representations in writing in the Application, including but not limited to those set forth above.

32. The warranties and representations made by TBI in its Application were false. Among other things not disclosed on the Application were TBI's intent to: (1) work on commercial structures, (2) repair fire damage; (3) provide demolition services; and (4) do roofing

1  work, all of which Navigators specifically inquired about in questions on the Application and all
2  of which should have been disclosed by TBI as part of the Application process, as Navigators
3  had no means of knowing the same prior to the time the Application was submitted to Navigators
4  and the time the Navigators Policy was issued.

5  33.  At the time that TBI made these representations and/or omissions on the
6  Application, TBI knew that said representations were false and intended that Navigators would
7  rely thereon to induce Navigators to issue the Navigators Policy to TBI.

8  34.  These misrepresentations and/or omissions were material to the risk undertaken
9  by Navigators when it issued the Navigators Policy, in that had Navigators known the true facts,
10 Navigators would have chosen not to issue the Navigators Policy, charged a higher premium, or
11 offered terms with different endorsements, exclusions and/or sub-limits appropriate to the risk.

12 35.  Navigators actually relied on the truth of the representations made by TBI in the
13 Application when it agreed to issue the Navigators Policy as to all insureds there under.
14 Navigators' reliance was reasonable and justified in that it had no reason to doubt TBI's
15 representations and warranties and that TBI was in the best position to provide truthful
16 information on the Application for insurance.

17 36.  TBI also had a statutory duty under California Insurance Code Section 332 to
18 "communicate to [Navigators], in good faith, all facts within [its] knowledge which are or which
19 [it] believes to be material to the contract and as to which [it] makes no warranty, and which
20 [Navigators] ha[d] not the means of ascertaining." As such, Navigators is entitled to rescind the
21 Navigators Policy pursuant to, among other things, California Insurance Code Section 331,
22 which is effective as to all insureds pursuant to Insurance Code Section 650.

23 37.  On or about February 18, 2011, Navigators sent correspondence to TBI advising
24 TBI of its rescission of the Navigators Policy and advising TBI that Navigators was returning the
25 premium paid by TBI. The grounds for the rescission are the material misrepresentations and/or
26 omissions made by TBI in the Application as set forth above. A true and correct copy of
27 Navigators' February 18, 2011 correspondence is attached hereto as Exhibit "C."

28 38.  As a direct and proximate result of the misrepresentations and/or omissions of

8

**COMPLAINT**

1  TBI in the Application, Navigators was induced to issue the Navigators Policy, and has been
2  damaged in an amount to be proven at trial, which it seeks to recover by this Action upon a
3  judgment by this Court that the Navigators Policy has been rescinded pursuant to California Civil
4  Code Section 1692.

## SECOND CAUSE OF ACTION

### For Rescission Due to Negligent Misrepresentations and/or Omissions by TBI in its Application for Insurance

(Against TBI and DOES 1 through 20)

39.  Navigators incorporates by reference the allegations set forth in paragraphs 1 through 38, above as though fully set forth herein.

40.  Navigators is informed and believes, and based thereon alleges, that when TBI made the misrepresentations and/or failed to disclose facts in the Application as described above, which were positive assertions as to past and existing facts, which were false, TBI had no reasonable grounds for believing the representations and/or omissions to be true, and that TBI was aware that it could not accurately make the representations and in fact knew or should have known that they would be material to the risk. At the time the representations and/or omissions were made, and at all times thereafter, TBI concealed the true facts from Navigators as well as TBI's inability to make the representations accurately.

41.  Navigators is informed and believes, and based thereon alleges, that TBI made these representations and/or omissions with the intention of inducing Navigators to act in reliance of the representations when it issued the Navigators Policy, or with the expectation that Navigators would so act.

42.  Navigators was ignorant of the falsity of TBI's representations and/or omissions and believed them to be true and reasonably relied upon them to Navigators' detriment. Among other detrimental acts of reliance, of which TBI was and is aware, Navigators was induced to issue the Navigators Policy. Had Navigators known the truth, Navigators would have chosen not to issue the Navigators Policy, charged a higher premium, or offered terms with different endorsements, exclusions and/or sub-limits appropriate to the risk.

*Gordon & Rees LLP*
*101 W. Broadway*
*Suite 2000*
*San Diego, CA 92101*

43. TBI also had a statutory duty under California Insurance Code Section 332 to "communicate to [Navigators], in good faith, all facts within [its] knowledge which are or which [it] believes to be material to the contract and as to which [it] makes no warranty, and which [Navigators] ha[d] not the means of ascertaining." As such, Navigators is entitled to rescind the Navigators Policy pursuant to, among other things, California Insurance Code Section 331, which is effective as to al insureds pursuant to Insurance Code Section 650.

44. On or about February 18, 2011, Navigators sent correspondence to TBI advising TBI of its rescission of the Navigators Policy and advising TBI that Navigators was returning the premium paid by TBI. The grounds for the rescission are the material misrepresentations and/or omissions made by TBI in the Application as set forth above.

45. As a direct and proximate result of the misrepresentations and/or omissions of TBI in the Application, Navigators was induced to issue the Navigators Policy, and has been damaged in an amount to be proven at trial, which it seeks to recover by this Action upon a judgment by this Court that the Navigators Policy has been rescinded pursuant to California Civil Code Section 1692.

### THIRD CAUSE OF ACTION

**Intentional and Negligent Misrepresentations**

(Against TBI and DOES 1 through 20)

46. Navigators incorporates by reference the allegations set forth in paragraphs 1 through 45, above as though fully set forth herein.

47. Navigators is informed and believes, and based thereon alleges, that at the time TBI made the representations and/or omissions regarding its Application for insurance discussed above, that TBI knew or reasonably should have known that those representations and/or omissions were false.

48. Navigators is informed and believes, and based thereon alleges, that TBI made these representations and/or omissions with the intention of inducing Navigators to act in reliance of the representations when it issued the Navigators Policy, or with the expectation that Navigators would so act.

49. Navigators was ignorant of the falsity of TBI's representations and/or omissions and believed them to be true and reasonably relied upon them to Navigators' detriment. Among other detrimental acts of reliance, of which TBI was and is aware, Navigators was induced to issue the Navigators Policy. Had Navigators known the truth, Navigators would have chosen not to issue the Navigators Policy, charged a higher premium, or offered terms with different endorsements, exclusions and/or sub-limits appropriate to the risk.

50. As a direct and proximate result of TBI's misrepresentations and omissions, Navigators has been damaged in amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Declaratory Relief – Duty to Defend

(Against all Defendants)

51. Navigators incorporates by reference the allegations set forth in paragraphs 1 through 50, above as though fully set forth herein.

52. Navigators contends that as a result of its rescission of the Navigators Policy, the Navigators Policy is void *ab initito* and Navigators has no duty to defend TBI against any allegations, claims or suits asserted against TBI as a result of Mr. Butler's injuries.

53. Navigators further contends that the under the terms, conditions and exclusions of the Navigators Policy, including but not limited to, the "Employer's Liability" and Workers' Compensation And Similar Law" exclusions, that coverage is barred for any injuries suffered by Mr. Butler as a result of his fall at the Project.

54. A true and present controversy exists between Navigators, on one hand, and Defendants on the other, in that Navigators contends, among other things, that it is entitled to rescind the Policy based on material misrepresentations and/or omissions by TBI in the Application for insurance pursuant to Insurance Code Sections 331 and 650, and that coverage for any injuries suffered by Mr. Butler as a result of his fall at the Project is otherwise precluded under the terms, conditions and exclusions of the Navigators Policy. Navigators is informed and believes and based thereon alleges, that Defendants contend otherwise.

55. A judicial determination is necessary at this time to determine the respective

11
**COMPLAINT**

rights of the parties hereto pursuant to the terms conditions, and exclusions of the Navigators Policy and the Application.

## FOURTH CAUSE OF ACTION

### Declaratory Relief – Duty to Indemnify

(Against all Defendants)

56. Navigators incorporates by reference the allegations set forth in paragraphs 1 through 55, above as though fully set forth herein.

57. Navigators contends that as a result of its rescission of the Navigators Policy, the Navigators Policy is void *ab initito* and Navigators has no duty to defend TBI against any allegations, claims or suits asserted against TBI as a result of Mr. Butler's injuries.

58. Navigators further contends that the under the terms, conditions and exclusions of the Navigators Policy, including but not limited to, the "Employer's Liability" and Workers' Compensation And Similar Law" exclusions, that coverage is barred for any injuries suffered by Mr. Butler as a result of his fall at the Project.

59. A true and present controversy exists between Navigators, on one hand, and Defendants on the other, in that Navigators contends, among other things, that it is entitled to rescind the Policy based on material misrepresentations and/or omissions by TBI in the Application for insurance pursuant to Insurance Code Sections 331 and 650, and that coverage for any injuries suffered by Mr. Butler as a result of his fall at the Project is otherwise precluded under the terms, conditions and exclusions of the Navigators Policy. Navigators is informed and believes and based thereon alleges, that Defendants contend otherwise.

60. A judicial determination is necessary at this time to determine the respective rights of the parties hereto pursuant to the terms conditions, and exclusions of the Navigators Policy and the Application.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Navigators requests that the Court enter judgment in its favor as follows:

**ON THE FIRST AND SECOND CAUSES OF ACTION:**

    A.    For a judgment that the Navigators Policy has been rescinded;

    B.    For recovery of damages according to proof at trial;

**ON THE THIRD CAUSE OF ACTION:**

    C.    A judicial declaration as to all defendants that the Navigators Policy has been rescinded and therefore is void *ab initio*;

    D.    A judicial declaration that there is no potential for coverage of, and therefore no duty to defend TBI against, any claims and/or suits arising out of or relating to the Project, by reason of Navigators' rescission of the Navigators Policy and the fact that coverage is otherwise barred under the terms, conditions and exclusions of the Navigators Policy.

**ON THE FOURTH CAUSE OF ACTION:**

    E.    A judicial declaration as to all defendants that the Navigators Policy has been rescinded and therefore is void *ab initio*;

    F.    A judicial declaration that there is no coverage of, and therefore no duty to indemnify TBI for, any claims and/or suits arising out of or relating to the Project, by reason of Navigators' rescission of the Navigators Policy and the fact that coverage is otherwise barred under the terms, conditions and exclusions of the Navigators Policy.

**ON ALL CAUSES OF ACTION:**

    G.    For interest and costs according to proof;

    I.    For such additional declaratory and other relief as the Court may deem just and proper.

Dated: February 23, 2011

GORDON & REES LLP

By: /s/ Michelle R. Bernard
MICHELLE R. BERNARD
TIMOTHY P. LINDELL
Attorneys for Plaintiff
NAVIGATORS INSURANCE COMPANY

**COMPLAINT**